# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 432 | DATE | 11/17/2003 |
| CASE TITLE | Primla K. Sharma vs. Cook County d/b/a Oak Forest Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the motion for summary judgment [36-1] is granted in part and denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 19 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 50 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRIMLA K. SHARMA, )
)
        Plaintiff, )
)
v. ) No. 01 C 432
)
COOK COUNTY d/b/a OAK FOREST ) Wayne R. Andersen
HOSPITAL OF COOK COUNTY, ) District Judge
)
        Defendant. )

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Cook County for summary judgment. For the reasons stated below, the motion for summary judgment is granted in part and denied in part.

## BACKGROUND

Plaintiff Dr. Primla Sharma worked as an anesthesiologist for Oak Forest Hospital for approximately 12 years. In 1995, Plaintiff was diagnosed with ovarian cancer, and from July 1995 through June 1999, she was on disability leave from her employment. While on disability, Plaintiff did not practice any type of medicine. Plaintiff's ovarian cancer has been in remission since at least May 1999 and currently remains in remission. In June 1999, Plaintiff requested to resume active employment as an anesthesiologist at Oak Forest Hospital. Plaintiff's request to reinstate her medical staff privileges at Oak Forest Hospital was denied.

Plaintiff has filed a seven-count fourth amended complaint, alleging discrimination in violation of the Americans with Disabilities Act, breach of contract, violation of 40 ILCS 5/9-158 and violations of 42 U.S.C. § 1983 for denial of equal protection and deprivation of property

interest. Defendant Cook County d/b/a Oak Forest Hospital has moved for summary judgment on all counts of the fourth amended complaint. For the following reasons, the motion is granted in part and denied in part.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In considering such a motion, the court accepts as true the evidence set forth by the non-moving party and draws all reasonable inferences in favor of the party opposing the motion. *Associated Milk Producers, Inc. v. Meadow Gold Dairies*, 27 F.3d 268, 270 (7th Cir. 1994).

The Seventh Circuit has recognized that the standard on summary judgment in employment discrimination cases is one of heightened scrutiny. *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994). The moving party bears the burden of demonstrating an absence of evidence to support the position of the nonmoving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In making its determination, the court should not make credibility determinations or weigh evidence, but should only determine "whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoescht Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Summary judgment is denied on Counts I, IV, V, VI and VII because several issues of material fact exist. The following facts, among others, are disputed:

(1) whether individuals at Oak Forest Hospital with decision making authority as to Plaintiff's requested reinstatement as an anesthesiologist perceived or regarded Plaintiff as having an impairment;

(2) whether Oak Forest Hospital has treated other anesthesiologists more favorably than Plaintiff;

(3) whether Plaintiff, in fact, had medical staff privileges at Oak Forest Hospital in 1999 when she requested to resume employment as an anesthesiologist;

(4) if Plaintiff did have medical staff privileges at Oak Forest Hospital in 1999, whether Plaintiff was qualified as an anesthesiologist to have her medical privileges reinstated;

(5) whether the requirements imposed on Plaintiff by Oak Forest Hospital to qualify for reinstatement were legitimate requirements;

(6) whether Oak Forest Hospital has imposed unreasonable requirements or impeded Plaintiff's ability to show her current clinical competency as an anesthesiologist;

(7) assuming Plaintiff has a property interest in her employment, whether she has had an opportunity to demonstrate her qualifications as an anesthesiologist; and

(8) if Plaintiff has had an opportunity to demonstrate her qualifications as an anesthesiologist, whether she has sufficiently demonstrated that she is qualified and clinically competent to be reinstated as an anesthesiologist at Oak Forest Hospital.

Because these material issues of fact are in dispute, summary judgment is denied on Counts I, IV, V, VI and VII.

Summary judgment on Counts II and III is granted. As to Count II, Plaintiff alleges a claim for breach of an employment agreement. Yet, there is no contract before us, and the record does not show that the parties ever entered into an actual contract for employment. Thus, without an actual contract for employment between Plaintiff and Oak Forest Hospital, there can be no breach. Thus, summary judgment on Count II is granted. As to Count III, Plaintiff does not contest the dismissal of Count III because, as Plaintiff concedes in her brief, a reasonable

3

accommodation claim is only applicable to individuals who have a current disability, which as Plaintiff acknowledges is not the case here. Thus, Count III will be dismissed.

## CONCLUSION

For the foregoing reasons, summary judgment is denied on Counts I, IV, V, VI and VII. and granted on Counts II and III.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 17, 2003