# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 432 | DATE | 12/17/2003 |
| CASE TITLE | Primla K. Sharma vs. Cook County | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter AMENDED MEMORANDUM, OPINION AND ORDER: The Court vacates the order of 11/17/2003 [36-1]. Motion for summary judgment is granted in part and denied in part. Count III will be dismissed.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 1 9 2003 date docketed | |
| ✓ | Docketing to mail notices. | | 53 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom TSA deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRIMLA K. SHARMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01 C 432 |
| | ) |
| COOK COUNTY d/b/a OAK FOREST | ) Wayne R. Andersen |
| HOSPITAL OF COOK COUNTY, | ) District Judge |
| | ) |
| Defendant. | ) |

## AMENDED MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Cook County for summary judgment. For the reasons stated below, the motion for summary judgment is granted in part and denied in part.

## BACKGROUND

Plaintiff Dr. Primla Sharma worked as an anesthesiologist for Oak Forest Hospital for approximately 12 years. In 1995, Plaintiff was diagnosed with ovarian cancer, and from July 1995 through June 1999, she was on disability leave from her employment. While on disability, Plaintiff did not practice any type of medicine. Plaintiff's ovarian cancer has been in remission since at least May 1999 and currently remains in remission. In June 1999, Plaintiff requested permission to resume active employment as an anesthesiologist at Oak Forest Hospital, but her request was denied.

Plaintiff has filed a seven-count fourth amended complaint, alleging discrimination in violation of the Americans with Disabilities Act, breach of contract, violation of 40 ILCS 5/9-158 and violations of 42 U.S.C. § 1983 for denial of equal protection and deprivation of property interest. Defendant Cook County d/b/a Oak Forest Hospital has moved for summary judgment

53

on all counts of the fourth amended complaint. For the following reasons, the motion is granted in part and denied in part.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In considering such a motion, the court accepts as true the evidence set forth by the non-moving party and draws all reasonable inferences in favor of the party opposing the motion. *Associated Milk Producers, Inc. v. Meadow Gold Dairies*, 27 F.3d 268, 270 (7th Cir. 1994).

The Seventh Circuit has recognized that the standard on summary judgment in employment discrimination cases is one of heightened scrutiny. *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994). The moving party bears the burden of demonstrating an absence of evidence to support the position of the nonmoving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In making its determination, the court should not make credibility determinations or weigh evidence, but should only determine "whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoescht Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Summary judgment is denied on Counts I, VI and VII because several issues of material fact exist. The following facts, among others, are disputed:

(1) whether individuals at Oak Forest Hospital with decision making authority as to Plaintiff's requested reinstatement as an anesthesiologist perceived or regarded Plaintiff as having an impairment;

2

(2) whether Oak Forest Hospital has treated other anesthesiologists more favorably than Plaintiff;

(3) whether Plaintiff, in fact, had medical staff privileges at Oak Forest Hospital in 1999 when she requested permission to resume employment as an anesthesiologist;

(4) if Plaintiff did have medical staff privileges at Oak Forest Hospital in 1999, whether Plaintiff was qualified as an anesthesiologist to have her medical privileges reinstated;

(5) whether the requirements imposed on Plaintiff by Oak Forest Hospital to qualify for reinstatement were legitimate requirements;

(6) whether Oak Forest Hospital has imposed unreasonable requirements or impeded Plaintiff's ability to show her current clinical competency as an anesthesiologist;

(7) assuming Plaintiff has a property interest in her employment, whether she has had an opportunity to demonstrate her qualifications as an anesthesiologist; and

(8) if Plaintiff has had an opportunity to demonstrate her qualifications as an anesthesiologist, whether she has sufficiently demonstrated that she is qualified and clinically competent to be reinstated as an anesthesiologist at Oak Forest Hospital.

Because these material issues of fact are in dispute, summary judgment is denied on Counts I, VI and VII.

Summary judgment also is denied on Count IV of Plaintiff's fourth amended complaint. In Count IV, Plaintiff sets forth a claim for breach of contract based on an alleged violation of a grandfather clause relating to certain qualifications for clinical privileges in anesthesiology at Oak Forest Hospital. Plaintiff claims that "[u]nder the employment agreement between Plaintiff and Defendant, there is a 'Grandfather clause' that exempts Anesthesiologists with ten or more years of experience (such as Plaintiff) from being required to have current certification or active participation in the examination process leading to certification in anesthesiology...."

Although nothing in this record indicates that there is an express employment contract between the parties, the grandfather clause on which Plaintiff relies is set forth in a document titled "Clinical Privileges in Anesthesiology" for Oak Forest Hospital and appears to set forth the requirements an individual must have to qualify for clinical privileges in anesthesiology. Illinois courts have recognized that an employee handbook or other policy statement may, under the proper circumstances, be contractually binding. *See Duldulao v. Saint Mary of Nazareth Hosp.*, 505 N.E.2d 314, 317 (Ill. Sup. Ct. 1987); *Wood v. Wabash County*, 722 N.E.2d 1176, 1179 (Ill. App. Ct. 1999). It is not clear from this record based on the circumstances of Plaintiff's employment with Oak Forest Hospital prior to her disability leave and her subsequent request for permission to resume active employment whether the grandfather clause contained in the document entitled "Clinical Privileges in Anesthesiology" would create enforceable contractual rights. Thus, summary judgment is denied as to Count IV.

Summary judgment is granted on Counts II and V. As to Count II, Plaintiff alleges a claim for breach of an employment agreement. There is no contract before us, and the record does not show that the parties ever entered into an express contract for employment. Thus, there can be no breach. Summary judgment on Count II is granted.

In Count V, Plaintiffs argues that Oak Forest Hospital's "failure and continuing refusal to return Plaintiff to active service has violated 40 ILCS 5/9-158," which provides: "When the disability ceases, the board shall discontinue payment of the benefit and the employee shall be returned to active service." However, in analyzing a virtually identical Illinois statute (40 ILCS 5/5/-156), the Seventh Circuit held that there is no automatic entitlement to return to active service; rather, after a disability ceases, an individual is entitled to an opportunity to demonstrate

4

fitness for duty only and does not have a right to reinstatement. *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002); *Buttita v. City of Chicago*, 9 F.3d 1198, 1204 (7th Cir. 1993).

In responding to the motion for summary judgment, Plaintiff argues that 40 ILCS 5/9-158 provides her with a property interest in having an opportunity at reinstatement. This claim is set forth in Count VI of the complaint and remains a viable claim. However, as for Count V, there is no automatic claim to reinstatement pursuant to 40 ILCS 5/9-158, and summary judgment is granted as to Count V.

Finally, in Plaintiff's memorandum of law in opposition to the motion for summary judgment, Plaintiff for the first time alleged violations of 55 ILCS 5/3-14023 and a written leave of absence policy. This was not proper. A party cannot allege new claims for relief in a response to a motion for summary judgment. *Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997) (holding that it "is too late in the day to be adding new claims" on a motion for summary judgment); *Greisz v. Household Bank*, 8 F. Supp. 2d 1031, 1041-42 (N.D. Ill. 1998) (refusing to consider new allegations for the first time at the summary judgment stage). As such, any arguments relating to alleged violations of 55 ILCS 5/3-14023 and the written leave policy are striken from the record and will not be considered by this Court.

## CONCLUSION

For the foregoing reasons, summary judgment is denied on Counts I, IV, VI and VII and granted on Counts II and V. As to Count III, Plaintiff does not contest the dismissal of Count III because, as Plaintiff concedes in her brief, a reasonable accommodation claim is only applicable to individuals who have a current disability, which as Plaintiff acknowledges is not the case here. Thus, Count III will be dismissed.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 17, 2003